UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL ABADILLA,<br><br>Defendant. | Case No. 17-cr-00502-JSC-1<br><br>**ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL BENCH TRIAL** |

Following the Status Conference held on March 8, 2018, IT IS ORDERED:

**1. TRIAL DATE**

a. Trial by the Court will be held on April 24, 2018 at 9:30 a.m., in Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, California.

b. The length of the trial shall be 1 day.

**2. DISCOVERY**

a. Both sides will comply with the Federal Rules of Criminal Procedure, and the United States will comply with *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Agurs*, 427 U.S. 97 (1976).

**3. MOTIONS**

a. Any motions in limine shall be submitted as follows: at least twenty-one (21) calendar days before the pretrial conference, the moving party shall serve, but not file, the opening brief. At least eleven (11) calendar days before the pretrial conference, the responding party shall serve the opposition. There will be no reply. When the oppositions are received, the moving

party should collate the motion and the opposition together, back-to-back, and then file the paired sets at least ten (10) calendar days before the conference. Each motion should be presented in a separate memorandum and properly identified, for example, "Plaintiff's Motion in Limine No. 1 to Exclude . . . ." Each party is limited to bringing five motions in limine. The parties are encouraged to stipulate where possible, for example, as to the exclusion of witnesses from the courtroom. Each motion should address a single, separate topic, and contain no more than seven pages of briefing per side.

  b. Hard-copy courtesy copies of the above documents shall be delivered by NOON the day after filing.

## 4. PRETRIAL FILINGS

A Final Pretrial Conference shall be held on April 19, 2018, at 11:00 a.m., in Courtroom F, 15th Floor. Each party shall attend by lead trial counsel.

  a. Seven (7) days prior to date of the Final Pretrial Conference the parties shall each complete (except as noted in paragraph 4(a)(5) below) the following:

    1. Serve and file a pretrial statement pursuant to Crim. L.R. 17.1-1(b).

    2. At the discretion of the parties, serve and file a trial brief.

    3. Serve and file a numerical list of each party's exhibits, including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness.

    4. Serve and file a list of the witnesses that each party intends to call at the trial, not including rebuttal witnesses, setting forth for each witness the substance of their testimony.

    5. Exchange exhibits, which shall be pre-marked with an exhibit sticker (example attached), tabbed and in 3-ring binders. Plaintiff shall use numbers (1,2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.). A

single exhibit should be marked only once. If the Plaintiff has marked an exhibit, then the Defendant should not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. Spine labels should indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders shall be marked as "Original." Deposit the exhibits with the deputy clerk one (1) week before the trial. Exhibits are not filed.

6. In addition to the official record exhibits, a single, joint set of bench binders containing a copy of the exhibits must be provided to the Court and should be marked as "Chambers Copies." Each exhibit must be separated with a label divider identifying the exhibit number. (An exhibit tag is unnecessary for the bench set.) Spine labels should indicate the numbers of the exhibits that are in the binders.

7. Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel should bring them promptly to the Court's attention.

8. Before closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order. Counsel may, but are not required to, jointly provide a revised list of all exhibits actually in evidence (and no others) stating the exhibit number and a brief, non-argumentative description.

**5. PRETRIAL ARRANGEMENTS**

a. During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, parties should be prepared to maintain the equipment or have a technician

3

handy at all times.  The parties shall tape extension cords to the carpet for safety.  The parties may work with the deputy clerk, Ada Means (415-522-2015), on all courtroom-layout issues.

**IT IS SO ORDERED.**

Dated: March 8, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge